UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAIAH SAFRANEK,

                              Plaintiff,

            -against-

WEGMANS FOOD MARKETS, INC.,
ROBERT J. SCHLOEMAN, and
JOHN DOES 1–10,

                              Defendants.

25-CV-5696 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Isaiah Safranek, proceeding *pro se*, alleges that he was defamed and then wrongfully terminated while employed at Defendant supermarket Wegmans. In a terse and conclusory complaint, Safranek argues that another employee, Robert Schloeman, accused him of threatening to shoot the chairman of Wegmans. But Safranek denies ever making the statement. Because Safranek's complaint fails to state his claims with the elements required under New York and federal law, the Court grants Wegmans' motion to dismiss. The Court also grants Safranek the opportunity to replead his complaint.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Complaint and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp.*, *PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Plaintiff Isaiah Safranek ("Safranek"), who is proceeding *pro se*, was hired by Defendant Wegmans Food Market, Inc. ("Wegmans") in February 2020. ECF No. 1-1 ("Compl.") ¶ 5. Safranek's employee record showed that he was an "exemplary employee." ¶ 6. However, on or about May 2, 2024, Safranek was fired. ¶ 19. He claims that he was fired because "Defendant, through Robert Schloeman" ("Schloeman"), accused him of saying "I am

going to shoot Danny Wegman," the company's chairman. *Id.* ¶ 8; *see About Us*, Wegmans (Oct. 9, 2025), wegmans.com/about-us. Safranek denied at the time, and continues to deny, that he made the remark. ¶ 9 ("Plaintiff patently and flatly denied, and continues to deny, any truth or accuracy to the [statement].").

Still, other Wegmans employees, including Schloeman, continued to repeat the allegation. ¶¶ 10–11. Wegmans also never informed Safranek about any investigation into the truth of Safranek's statement. *See* ¶ 12. Safranek argues that these actions were done with "malicious intent" and "reckless disregard of the falsity of such statements." ¶¶ 13–14. As a result, Safranek suffered harm—not only by losing his job but also reputationally. ¶¶ 16, 19.

Therefore, on April 28, 2025, Safranek filed the instant lawsuit alleging claims for wrongful termination and defamation. ¶¶ 8, 19; ECF No. 1 ¶ 1. Although Safranek does not list his claims directly, and includes a "Second" and "Third" Cause of Action instead of a first and a second, the Court reads his Complaint to allege those two claims. *See* ¶¶ 18–25. Safranek filed his Complaint in Westchester County Supreme Court. ECF No. 1 ¶ 1; ECF No. 1-2 at 2. Because he asserted that he was wrongfully terminated "in violation of *Federal*, State, and Local laws," ¶¶ 19, 24 (emphasis added), Wegmans properly removed the action to federal court on July 10, 2025. *See* ECF No. 1; 28 U.S.C. § 1331. Wegmans then filed a motion to dismiss Plaintiff's Complaint in its entirety. ECF No. 6. Safranek was served with Wegmans' motion, alongside a *pro se* notice required under Local Rule 12.1, on August 19, 2025. ECF Nos. 10, 11. Safranek has yet to respond.

For the reasons stated herein, Wegmans' motion to dismiss is GRANTED without prejudice.

2

**LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

The Court must also construe *pro se* pleadings to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). The same is true where a motion to dismiss is unopposed—a plaintiff's "failure to oppose the motion does not itself justify the dismissal of the complaint." *Ortiz v. Pace Univ.*, 761 F. Supp. 3d 695, 699 (S.D.N.Y. 2025) (citing *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000)).

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency[.]'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322). Therefore, "although a

3

party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Id.*

### DISCUSSION

Wegmans argues that Safranek's Complaint should be dismissed for two reasons: first, because he fails to state a claim for wrongful termination; and second, because he fails to state a claim for defamation. ECF No. 7 ("MTD") at 4, 6. The Court addresses each argument in turn.

### I.    Plaintiff Fails to State a Claim for Wrongful Termination

Wegmans first contends that Safranek has failed to state a claim for wrongful termination. Wegmans maintains that Safranek has "plainly fail[ed] to state any plausible cause of action under any legal theory"—including "unlawful discrimination, retaliation, or some other type of wrongful termination"—because (1) Safranek has not "even allege[d] which law(s) were allegedly violated"; (2) "New York does not recognize the tort of wrongful discharge for at-will employees"; and (3) Safranek has not pled sufficient facts "to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." MTD at 4 (cleaned up).

First, Wegmans is correct that Safranek has failed to identify specific legal bases for his claims. Safranek asserts only that Defendants have violated "Federal, State, and Local laws." Compl. ¶ 19. Nevertheless, the Second Circuit has long been clear that courts must construe *pro se* pleadings to raise the "strongest arguments that they *suggest*"—not that they state. *Triestman*, 470 F.3d at 474 (internal citation omitted) (emphasis added). Plaintiff's failure to identify specific statutes or doctrines is therefore not in and of itself fatal to his wrongful termination claim.

4

Second, Wegmans is also largely correct that "New York does not recognize the tort of wrongful discharge for at-will employees." MTD at 4 (internal citation omitted); *Rayskin v. City of New York*, No. 16-CV-2311 (AT), 2018 WL 8201893, at *3 (S.D.N.Y. June 26, 2018) ("Apart from breach of an employment contract, no claim for wrongful termination exists in New York." (internal citation and quotation marks omitted)). But the Complaint could also be liberally construed to assert claims under the New York State Human Rights Law or New York City Human Rights Law, which do allow discharged employees to sue for wrongful termination. *See, e.g.*, *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 69–71 (S.D.N.Y. 2015). Wegmans' New York law-based argument is therefore not sufficient to wipe away Safranek's wrongful termination claim.

Indeed, as Wegmans acknowledges, jurisdiction in this Court is premised on Plaintiff having alleged a wrongful termination claim under federal law, not New York law. *See* ECF No. 1 ¶¶ 5–6 ("Wegmans seeks to remove this action to this Court because the Complaint alleges violation of at least one federal statute, thereby triggering this Court's original, subject matter jurisdiction by presenting a federal question." (citing 28 U.S.C. § 1331)). It is true that, "[a]s for a federal wrongful termination claim, Plaintiff [still] does not allege that he was terminated, for example, based on a protected characteristic under Title VII of the Civil Rights Act of 1964." *Rayskin*, 2018 WL 8201893, at *3. But arguments based on New York law alone cannot defeat Plaintiff's wrongful termination claim.

Wegmans' third argument, however, hits the mark. The "special solicitude" granted in *pro se* cases, *Triestman*, 470 F.3d at 475, has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. In *Twombly*, in fact, the Supreme Court helpfully references a wrongful termination case where the plaintiff successfully

"nudged their claims across the line from conceivable to plausible." 550 U.S. at 570. In that case, which alleged employment discrimination, the plaintiff "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Safranek's claims come nowhere close to meeting this standard. He provides no context for his allegations, shares no details about relevant dates, people, or events, and includes no plausible basis for a wrongful termination claim. In other words, Safranek does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, Plaintiff's wrongful termination claim is dismissed.

## II.    Plaintiff Fails to State a Claim for Defamation

Next, Wegmans argues that Safranek's Complaint does not plead a defamation claim with the particularity required under New York law. MTD at 6–7. And even if Safranek does make out a *prima facie* case for defamation, Wegmans continues, Safranek's defamation claim fails because the alleged defamatory remark remains protected by a common interest privilege. *Id.* at 7–10. The Court addresses each argument in turn—after first determining which state's law properly applies.

### A.  New York Law Applies

"In a federal question action where a federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state." *Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 350 (S.D.N.Y. 2019) (citation omitted). Here in New York, the first step in a choice-of-law analysis is to determine "whether an actual conflict exists between the laws of the jurisdictions involved." *Forest Park Pictures v.*

*Universal Tel. Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012) (citing *In re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 223 (1993)). If so, New York courts usually apply "the law of the jurisdiction with the most significant interest in, or relationship to, the dispute." *Martin Hilti Fam. Tr.*, 386 F. Supp. 3d at 350 (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997)). And in determining which jurisdiction has the most significant interest in the dispute, courts "look chiefly to 'the parties' domiciles and the locus of the tort.'" *Condit v. Dunne*, 317 F. Supp. 2d 344, 352 (S.D.N.Y. 2004) (quoting *Lee v. Bankers Tr. Co.*, 166 F.3d 540, 545 (2d Cir. 1999)).

Because there is no dispute as to the jurisdiction involved, all parties are domiciled in New York, and the locus of the tort is also New York, New York law applies.

### B. Plaintiff Fails to State a Defamation Claim With Particularity

The Court now considers Plaintiff's defamation claim. Safranek asserts that he was defamed when Defendant Schloeman told him "You said 'I am going to shoot Danny Wegman'" and by "the repetition and publication of the Defamatory Accusation by Defendants." Compl. ¶¶ 8, 16.

"Defamation is the 'making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of plaintiff in the minds of right-thinking persons, and to deprive plaintiff of their friendly intercourse in society.'" *Rapaport v. Epstein*, No. 24-CV-7439 (JGLC), 2025 WL 966794, at *10 (S.D.N.Y. Mar. 31, 2025) (quoting *3P-733, LLC v. Tawan Davis*, 135 N.Y.S.3d 27, 29–30 (1st Dep't 2020)). "There are two categories of defamation under New York law: *libel*, for written statements, and *slander*, for spoken statements." *Carroll v. Trump*, 650 F. Supp. 3d 213, 225 (S.D.N.Y. 2023). Although Safranek does not specify whether the alleged defamatory statement—"You said 'I am going to

shoot Danny Wegman'"—is libel or slander, the Court understands that he intended to assert a slander claim because he was "told" the statement. Compl. ¶ 8.

Safranek also mentions two different types of defamation claims: defamation *per se*, Compl. ¶¶ 15, 17, and defamation *per quod*, Compl. ¶¶ 21–22. "Statements that are defamatory *per se* are actionable without pleading and proof of special damages." *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 171 (S.D.N.Y. 2021) (internal citation and quotation marks omitted). "If a statement is defamatory *per se*, 'injury is assumed.'" *Id.* (quoting *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000)). "For a claim of defamation *per quod*," by contrast, "there is an additional requirement that the plaintiff plead 'special damages'—that is, actual harm." *Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 145 (S.D.N.Y. 2022) (quoting *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 249 (S.D.N.Y. 2014)).[1]

Either way, to succeed on a claim for defamation, a plaintiff "must plead the defamatory statements with some particularity," which requires him to "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." *Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186, 196–97 (S.D.N.Y. 2023) (citations omitted).

Here, Safranek has failed to plead his defamation claim with the particularity required under New York law. Even when read in the light most favorable to him, Safranek's Complaint fails to identify "the time when the statements were made, and the third parties to whom the statements were published." *Unlimited Cellular*, 677 F. Supp. 3d at 197 (citation omitted). He states merely that "Defendant, through Schloeman" made the statement to him "in or about

---

[1] The Court recognizes that "it is not entirely clear whether there is a separate cause of action for defamation *per quod* in New York." *Henry*, 629 F. Supp. 3d at 145 (citing *Kavanagh*, 997 F. Supp. 2d at 248–49 n.8). That does not change the Court's analysis or conclusion here.

April"; he does not even identify the year at issue. Compl. ¶¶ 7, 8. And he alleges only that "Defendants, together and through their agents and employees, repeated the Defamatory Accusation in the hearing of persons other than the Plaintiff," *id.* ¶ 10, and "wrote and published the Defamatory Accusation to persons other than the Plaintiff," *id.* ¶ 11. These "[t]hreadbare recitals" and "conclusory statements[] do not suffice" to establish even the initial particularity requirement of a defamation claim, let alone any of its more substantive elements. *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff's defamation claim is dismissed.

### C.  Absent More Information, the Common Interest Privilege Cannot Apply

Because Plaintiff's defamation claim fails due to its lack of particularity, *see supra* II.B, the Court need not address Wegmans' further arguments about privilege in great detail. However, the Court notes that Wegmans' privilege arguments rest on a faulty premise. Wegmans asserts that "the Complaint makes clear that any allegedly defamatory statements were made solely in the context of an internal workplace investigation to determine whether the statements were in fact made" and are thus protected by a common interest privilege. MTD at 7–8 (citing Compl. ¶¶ 7–12).

To support its argument, Wegmans points only to the Complaint's assertion that "[P]laintiff was . . . accused of making threats of violence against an individual associated with the [D]efendant." *Id.* (quoting Compl. ¶ 7) (alterations in original). This statement hardly "makes clear" that Safranek's "allegedly defamatory statements were made solely in the context of an internal workplace investigation to determine whether the statements were in fact made." *Id.* at 7. Quite to the contrary, as Wegmans itself argues two paragraphs earlier, Safranek's Complaint lacks the specificity to determine where and when any allegedly defamatory statements were

made. *See id.* ("Indeed, the Complaint fails to allege to whom the alleged statements were purportedly made, when they were made, or how they were communicated, all of which are necessary to adequately plead a defamation claim.").

Wegmans' wider privilege argument crumbles absent this foundation. Without more information, the Court finds that no common interest privilege applies.

### III.    Plaintiff Is Granted Leave to Replead

"'[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead,' especially when a plaintiff is proceeding *pro se*." *Ortiz*, 761 F. Supp. 3d at 702 (alteration in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)); *see also Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (summary order) ("District courts should generally not dismiss a pro se complaint without permitting at least one opportunity to amend."). Therefore, Plaintiff may replead his complaint if he so decides, "addressing the deficiencies noted above." *Ortiz*, 761 F. Supp. 3d at 702.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED without prejudice. Plaintiff must file any amended complaint no later than March 29, 2026. If he fails to do so, the Court will dismiss his claims with prejudice and direct the Clerk of Court to close this case. The Clerk of Court is respectfully directed to terminate ECF No. 6.

Dated: February 27, 2026
       White Plains, New York

SO ORDERED.

*Jessica Clarke*
_____

JESSICA G. L. CLARKE
United States District Judge

10